UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TRI-STATE CONSUMER** ) | |
| **INSURANCE COMPANY, INC.** ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **LEXISNEXIS RISK SOLUTIONS INC.,** ) | **CIVIL ACTION NO:** |
| **Formerly Known as ChoicePoint** ) | |
| **Services Inc., Survivor Entity of its** ) | _____ |
| **Merger with Insurity LLC a/k/a/** ) | |
| **"Insurity"** ) | |
|     Defendant, ) | |
| _____) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant LexisNexis Risk Solutions Inc. ("LexisNexis) hereby provides notice of the removal of the above-captioned case from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.  The grounds for removal are as follows:

    1.  On January 20, 2011, Tri-State Consumer Insurance Company, Inc. ("Plaintiff") filed a complaint alleging state-law causes of action against LexisNexis in the Superior Court of Fulton County, Georgia, styled as <u>Tri-State Consumer Insurance Company, Inc. v. LexisNexis Risk Solutions Inc., formerly</u>

known as ChoicePoint Services Inc., survivor entity of its merger with Insurity, LLC, a/k/a "Insurity," Civil Action No. 2011CV195485 ("the Superior Court Action").  True and correct copies of the Summons and Complaint are attached hereto as Exhibit A.  Defendant LexisNexis was served with the Complaint on January 21, 2011.

  2. On February 15, 2011, Plaintiff filed a Notice of Substitution of Counsel, attached hereto as Exhibit B.

  3. On February 21, 2011, LexisNexis served the following documents on Plaintiff in the Superior Court Action:

   (a) LexisNexis's Answer and Counterclaims, attached hereto as Exhibit C;

   (b) LexisNexis's Motion to Dismiss, attached hereto as Exhibit D; and

   (c) LexisNexis's Motion to Transfer the Action to the Business Case Division, attached hereto as Exhibit E.

  4. On March 25, 2011 and March 28, 2011, respectively, Plaintiff filed the following documents on LexisNexis in the Superior Court Action:

   (a) Plaintiff's First Amended Complaint ("Amended Complaint"), attached hereto as Exhibit F, which asserted claims arising under federal law; and

(b) Plaintiff's Response to LexisNexis's Motion to Dismiss, attached hereto as Exhibit G.

5.  On March 28, 2011, LexisNexis received a copy of the Amended Complaint. LexisNexis has not filed any papers or pleadings in response to the Amended Complaint in the Superior Court Action, and the time to answer, move to dismiss, or otherwise respond to the Amended Complaint has not yet expired.

6.  Prior to the filing of this removal petition, the Superior Court of Fulton County, Georgia entered the following orders:

(a)  Order On Motion to Transfer Case to the Business Case Division, entered on March 21, 2011, attached hereto as Exhibit H, denying the motion, and

(b)  Notice of Hearing, entered on March 29, 2011, attached hereto as Exhibit I.

7.  Concurrent with the filing of this Notice, LexisNexis is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Superior Court of Fulton County, Georgia.

8.  The United States District Court for the Northern District of Georgia, Atlanta Division, embraces the county in which the Superior Court Action is now pending. Venue is therefore proper for this Notice of Removal under 28 U.S.C. §§ 90(a)(2) and 1446(a).

9. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action as the Amended Complaint asserts a series of claims that "aris[e] under" federal law, thereby making this action removable pursuant to 28 U.S.C. 1441(b) and (c).[1] The Amended Complaint asserts violations of (1) the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961(c), *see* Amended Complaint ¶ 87 ("This cause of action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.") and (2) the Lanham Act, 15 U.S.C. § 1125, *see* Amended Complaint ¶ 108 ("This cause of action arises under the Lanham Act, 15 U.S.C. § 1125.").

10. This Court also has supplemental jurisdiction over Plaintiffs' non-federal causes of action. *See* 28 U.S.C. § 1367; 28 U.S.C. § 1441(c); *see* Amended Complaint (Counts 1 and 2: Fraud and Fraud in the Inducement); (Count 3 Breach of Contract); (Count 4: Breach of the Implied Covenant of Good Faith and Fair Dealing); (Counts 5-7: Various Warranty Claims); (Count 9: Georgia RICO); (Counts 11 and12: Unfair Competition and Deceptive Trade Practices Act Claims); (Count 13: Unjust Enrichment/Constructive Trust). Pursuant to 28 U.S.C. § 1367(a), these state law causes of action are so related to the federal claims that

---

[1] 28 U.S.C. 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.").

they form part of the same case or controversy under Article III of the United States Constitution.  Indeed, Plaintiff alleges the same core facts of alleged false statements related to the sale of software services that are part and parcel of all of Plaintiff's claims.  *See id.* ¶¶ 1-134.

Although LexisNexis has removed this action pursuant to only 28 U.S.C. § 1441(b) (*i.e.*, federal question jurisdiction), now that it has been removed, this Court also has jurisdiction over the entire controversy as the parties enjoy "complete diversity" within the meaning of 28 U.S.C. §1332 and satisfy the jurisdictional threshold for diversity jurisdiction. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a)(1) in that it is a civil action between the citizens of two different states and the amount in controversy exceeds $75,000, exclusive of interest and costs:

  (a) Plaintiff Tri-State Consumer Insurance Company, Inc. is an insurance company organized under the laws of the State of New York, with its principal place of business at 575 Jericho Turnpike, Jericho, New York 11753; it is a New York licensed insurance company;

(b)  Defendant LexisNexis Risk Solutions Inc. is a Georgia corporation organized under the laws of the State of Georgia with its principal place of business at 1000 Alderman Drive, Alpharetta, Georgia 30005; and

(c)  the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* Amended Complaint ¶ 134 (alleging damages exceeding $1,147,726.13).

11.  LexisNexis hereby requests and demands a trial by jury on all issues so triable.

## CONCLUSION AND PRAYER

WHEREFORE, all of the requirements of 28 U.S.C. 1331 and 1441(a) have been satisfied, and Notice is hereby given that this action is removed from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 22nd day of April, 2011.

                                                  Respectfully submitted,

                                                  /s/ *Kamal Ghali*
                                                  Kamal Ghali
                                                  Georgia Bar No. 805055
                                                  ghali@bmelaw.com

**BONDURANT, MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
Telephone:  (404) 881-4100
Facsimile:   (404) 881-4111                Attorneys for Defendant

870856.1

7

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused a true and correct copy of the within and foregoing **NOTICE OF REMOVAL** to be filed with the Clerk of Court using the CM/ECF filing system which will automatically send e-mail notification of such filing to all attorneys of record.

I hereby certify that I have also this day caused a true and correct copy of the within and foregoing **NOTICE OF REMOVAL** to be served on all counsel of record by placing same in the United States Mail with sufficient postage affixed thereto and properly addressed as follows:

> J. Wayne Pierce, Esq.
> Pierce & Dunkelberger
> Building G, Suite 200
> 6111 Peachtree-Dunwoody Rd.
> Atlanta, GA 30328

This 22nd day of April, 2011.

> /s/ *Kamal Ghali*
> Kamal Ghali
> Georgia Bar No. 805055